SAVOIE, Judge.
Bobby Ray Arvel, Jr. was charged by separate bills of information with three counts of simple burglary and two counts of simple arson where damage done amounted to five hundred dollars or more. Defendant pled not guilty as to each count and was tried by jury on one count of simple arson (Count II of Bill # 11-83-775). The jury convicted defendant as charged on that count. Thereafter, he withdrew his original pleas of not guilty to the other pending counts and pled guilty as charged. Defendant was subsequently charged and adjudicated a second felony habitual offender with respect to one count of simple arson (Count II of Bill # 11-83-775). He was sentenced as follows:
Simple arson where damage done amounted to five hundred dollars or more (Count II of Bill # 11-83-775; habitual offender petition # 5-84-983) twenty years at hard labor; Simple burglary (Count I of Bill # 11-83-777) ten years at hard labor to be served concurrently;
Simple arson where damage done amounted to five hundred dollars or more (Count II of Bill # 11-83-777) five years at hard labor to be served concurrently;
*694 Simple burglary (Bill #11-83-778) ten years at hard labor to be served concurrently.[1]
Defendant brings this appeal, consolidated for purposes of review, urging several assignments of error. With respect to the simple arson prosecution (Count II of Bill # 11-83-775 and habitual offender petition # 5-84-983) defendant contends:
(1) The trial court erred when it denied defendant’s motion to suppress inculpato-ry statements obtained through duress, coercion, and threats;
(2) The trial court erred when it failed to accept defendant’s guilty plea;
(3) The trial court erred when it overruled defendant’s objection to the admissibility of inculpatory statements obtained through duress and coercion;
(4) The trial court erred when it overruled defense counsel’s objection to irrelevant evidence;
(5) The trial court erred when it denied defendant’s motion to quash a habitual offender bill;
(6) The trial court erred when it imposed an excessive sentence; and
(8) The trial court erred when it denied defendant’s motion for new trial;[2]
As to the other counts, defendant urges, by means of assignment of error number 6, that the trial court erred by imposing an excessive sentence.
The record indicates that during the early morning hours of September 13, 1983, the A.C. Lewis Branch of the Y.M.C.A. suffered extensive damages from fire. On scene investigation of that site by arson experts of the police and fire departments revealed that the fire was started by an arsonist at a location near the director’s office. In addition, the soft drink machine had been burglarized and graffiti spray painted on the walls. In an attempt to identify the individual(s) responsible for the offenses, Sgt. Chris Calbert of the Baton Rouge Police Department interviewed present employees and recently discharged employees of that facility. In the course of this routine investigation, Sgt. Calbert encountered defendant, a recently discharged employee, at defendant’s mother’s trailer. Defendant was anxious to speak with the officer, who immediately advised defendant of his Miranda rights before transporting defendant to the police department offices to afford him an opportunity to discuss the incident. Defendant was again advised of his rights and executed a waiver form upon arrival at the station. After implicating himself and co-defendant Leslie Pointer as the perpetrators of the Y.M.C.A. burglary and arson, defendant was placed under arrest and again read his rights prior to making a taped statement. In due course, defendant was charged by Bill # 11-83-775 with those offenses.
In the course of detailing the Y.M.C.A. fire, defendant revealed that he and Pointer had also burglarized and set fire to the Bernard Terrace Elementary School on September 14, 1983. The asserted purpose for the school fire was to divert attention from the Y.M.C.A. site. Accordingly, defendant was charged by Bill # 11-83-777 with one count of burglary and one count of arson of the Bernard Terrace Elementary School. The other count under consideration charged in Bill # 11-83-778 derived from burglary of a service station.[3]
*695 ASSIGNMENTS OF ERROR NOS. 1. & 3.
By assignment of error number one, defendant contends that the trial court erred when it denied his oral motion to suppress his confession.[4] He argues that his confession was not free and voluntary because it was made while defendant was experiencing alcohol withdrawal symptoms which rendered him emotionally upset. He further asserts that he did not waive his right to counsel, having asked for the presence of an attorney. For the same reasons, defendant contends, by means of assignment of error number three, that the trial court erred in allowing his taped confession to be introduced into evidence at trial on the merits.
The record reflects that defendant was approached at his residence by Sgt. Chris Calbert. He was orally advised of his constitutional rights immediately. Defendant was then transported to the detective bureau where he was again advised of his rights. Before he gave a formal statement, defendant was advised of his rights for a third time. During these events, defendant seemed literate and conversed with the officer without difficulty.
The state has the burden of proving beyond a reasonable doubt the voluntariness of a confession which defendant has moved to suppress as evidence at the trial on the merits. In reviewing the trial court’s ruling as to the admissibility of a confession, its conclusions on credibility are entitled to the respect due those made by one who saw the witnesses and heard them testify. La.C.Cr.P. art. 703(D); LSA-R.S. 15:451; and State v. David, 425 So.2d 1241 (La. 1983).
Applying these precepts, we conclude that the trial court did not err when it found the confession to have been voluntary. Having listened to defendant’s taped statement, we find no error in the trial court’s finding that during the period of questioning defendant was coherent and responded to the questioning without impairment. Moreover, the interrogation setting appears to have been free of coercion.
The record also supports rejection of defendant’s claim that he asked for the presence of an attorney. Defendant was advised of his right to have an attorney present by three separate readings of his Miranda warnings. He signed a written waiver of this right prior to giving any statement. Moreover, Sgt. Calbert testified that at no time during the questioning did defendant request an attorney.
Under the circumstances, we find that the trial court did not err in concluding that defendant knowingly and intelligently waived his constitutional rights and voluntarily confessed to the instant crime.
Accordingly, these assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 2.
By formal assignment of error, defendant alleged that the trial court erred when it failed to accept his guilty plea.
The record reveals that on the first scheduled day of trial on the merits defendant and the state formulated a plea bargain, which the trial court indicated willingness to accept following a proper Boykini-zation. The bargain provided that defendant would plead guilty to each count as charged herein. In exchange for those pleas, the state would agree not to file a habitual offender bill against defendant. In addition, the trial court would order a substance abuse evaluation of defendant and give consideration, for purposes of sentencing, to any cooperation defendant would provide in the prosecution of co-defendant, Leslie Pointer. The instant Boyk-inization was aborted, however, when defendant was unwilling to plead guilty to simple arson of the Y.M.C.A. Thereafter, the state withdrew its offer, and defendant proceeded to trial on that count.
*696 The transcript of the aborted Boykinization indicates that the trial court remained open to accepting defendant’s guilty plea. Moreover, the state presented the option of defendant’s pleading guilty although he claimed to be innocent since there was a strong factual basis for such a plea. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
In view of the record, defendant has effectively abandoned this error as formally assigned. In brief, he seeks to lay blame for the aborted plea bargain on ineffective assistance of defense counsel rather than unwillingness on the part of the trial court to accept his plea.
A claim of ineffective assistance of counsel is more properly raised by an application for post conviction relief in the district court where a full evidentiary hearing may be conducted. La.C.Cr.P. art. 924 et seq.; and State v. Morgan, 472 So.2d 934 (La.App. 1st Cir.1985). In the instant case, the claim was not explored in detail by the trial court. However, the record substantiates that defendant was fully informed of the concessions offered by the state, and of the fact that a habitual offender bill would be filed in the event of conviction following trial on the merits of the arson charge. In view of the trial court’s ruling denying defendant’s motion to suppress his confession, defense counsel’s professional opinion favored acceptance of the plea bargain. However, defense counsel acquiesced when defendant could not bring himself to acknowledge his guilt.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court noted that, when a convicted defendant complains of the ineffectiveness of counsel’s assistance, the defendant must show that counsel’s representation fell below an objective standard of reasonableness. Thus, the performance inquiry must be whether counsel’s assistance was reasonable considering all the circumstances.
Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. [Citations omitted] 104 S.Ct. 2065, 2066.
There is greater uncertainty as to what this standard means in a guilty plea context as compared to a trial context, perhaps because until recent years courts were disinclined to acknowledge the legitimacy of plea negotiations. However, regardless of the strategy chosen in this instance, a fair assessment of the prosecution’s case indicates a substantial likelihood of conviction and severe sanctions. The record reflects that defense counsel advised defendant to accept the plea bargain offered by the state. Defendant, however, was unable or unwilling to culminate that bargain by pleading guilty to all counts.
In view of the foregoing, we cannot say defense counsel’s conduct did not fall within the range of reasonable professional assistance. The record reflects that defendant made an informed choice to risk trial on the merits, fully cognizant of the options available to him.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4.
By means of this assignment, defendant contends that the trial court erred when it allowed the state to introduce irrelevant and prejudicial evidence over defendant’s objection. The disputed items are the coin *697 box removed from the soft drink machine at the Y.M.C.A., during burglary of that facility, and defendant’s taped statement, which fully detailed events leading to the fire at the Y.M.C.A. Objection was not offered by defendant until the state sought to formally file exhibits into evidence, after presentation of all its testimony.
The record reveals that the first reference to burglary at the Y.M.C.A. was made during the testimony of Robert Gir-on, then maintenance director of that facility. Mr. Giron was allowed to testify, in detail, without any contemporaneous objection by defendant. In addition, defendant did not request that the court excise references to other crimes contained in his taped statement before admitting the statement. Accordingly, the state was obligated to play the taped statement in its entirety. See State v. Morris, 429 So.2d 111 (La.1983). An irregularity or error can not be availed of after verdict unless it was objected to at the time of occurrence. La.C.Cr.P. art. 841. The purpose of the contemporaneous objection rule is to promote judicial efficiency. It serves to obviate a defendant’s gambling for a favorable verdict and then, upon conviction, resorting to appeal on an error which might have been corrected by objection at trial. See State v. Marcell, 320 So.2d 195 (La.1975).
Moreover, the general prohibition against use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed and, thus, are part of the res gestae. Other crimes evidence is admissible when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its ease without reference to it. See State v. Sanford, 446 So.2d 1381 (La.App. 1st Cir.1984).
In the instant case, defendant’s description of the events leading to the fire indicate that the fire was set in order to further his motives of burglary. After removing coins from the soft drink machine, defendant and his co-defendant proceeded to the director’s office. When they were unable to open a closet where keys to other portions of the building were located, a fire was set to facilitate breaking down that door. In this factual posture, the burglary is related to and intertwined with the charged offense of arson to such an extent that the state could not accurately present its case without reference to it. See State v. Anthony, 427 So.2d 1155 (La.1983).
For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5.
By means of this assignment, defendant contends that the trial court erred by denying his motion to quash the habitual offender petition. The motion was grounded on an allegation of prosecutorial vindictiveness stemming from the state’s having sought an enhanced sentence after defendant’s conviction of simple arson of the Y.M. C.A.
As noted in our treatment of assignment of error number two, supra, the record clearly indicates that the prosecutor explicitly advised defendant that a habitual offender petition would be filed following conviction of simple arson, if defendant refused to plead guilty to the offenses with which he was originally charged.
In Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court for the first time considered an allegation of vindictiveness that arose in a pretrial setting. The Court held that the due process clause did not prohibit a prosecutor, as in the instant case, from carrying out a threat made during plea negotiations to indict an accused under a habitual criminal act if he refused to plead guilty to the offenses for which he was originally charged. The Court noted that by tolerating and encouraging the negotiating of pleas, it had accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to fore-go his constitutional right to stand trial. The Court concluded:
*698 We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment.
For the foregoing reasons, a presumption of prosecutorial vindictiveness is not warranted in this case. Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6.
By means of this assignment, defendant urges that the sentences imposed herein are excessive.
A review of individual exces-siveness is considered in light of the criteria expressed by Louisiana Code of Criminal Procedure article 894.1, the circumstances of the crime, and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979). Absent manifest abuse of discretion, a sentence imposed will not be set aside as excessive.
The trial court has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). Pursuant to LSA-R.S. 14:52 and LSA-R.S. 15:529.1, defendant’s sentencing exposure, as a second felony offender on the Y.M.C.A. arson conviction, Count II of Bill # 11-83-775, was from a minimum period of incarceration of five years to a maximum sentence of imprisonment at hard labor for thirty years. The penalty actually imposed was two-thirds of the maximum assessable penalty. Although the two burglary sentences imposed were near maximum, both were made to run concurrently with all other sentences imposed, as was the near minimum sentence imposed for the other arson conviction.
A review of the record in this case reveals that the trial court carefully particularized the sentences, considering mitigating and aggravating factors as set forth in Louisiana Code of Criminal Procedure article 894.1 as they apply to defendant. The trial court ordered a pre-sentence investigatory report, and at the request of defense counsel, ordered a substance abuse evaluation of defendant. .• Careful consideration was given to defendant’s lengthy criminal record and to the staggering amount of property damage occasioned by the Y.M. C.A. fire. In this context, the trial court opined that defendant was in dire need of correctional treatment which could only be provided by his committment to an institution. In addition, defendant presented an undue risk that he would commit another crime. In summation, the record shows that the trial court’s articulation of reasons for the sentences imposed are more than adequate to meet the statutory criteria.
The sentences imposed are well within the statutorily defined range, and neither appear grossly disproportionate to the severity of the crimes committed nor appear to be imposed merely for the purposeless and needless imposition of pain and suffering.
Therefore, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 8.
By means of this assignment, defendant urges that the trial court erred by failing to grant his motion for new trial. In brief, defendant argues error only with respect to the second ground urged inter alia. The second ground argued in the overruled motion formed the basis for assignments of error numbers one and three. Accordingly, a new trial is not justified for reasons fully set forth in our discussion of those assignments of error.
PATENT ERROR
The trial court specified that the sentence imposed was to be served without the benefit of probation, parole, suspension of sentence, or good time. We note, however, that the Habitual Offender Law does not require that any part of the sentence be *699 imposed without probation, parole or suspension of sentence for a second felony separate from the requirement by the statute under which the defendant is being sentenced. See LSA-R.S. 15:529.1 A(l); State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985).
In this instance, LSA-R.S. 14:52 does not provide that a sentence imposed thereunder shall be without benefit of probation, parole or suspension of sentence. Defendant was ineligible for probation or suspension of sentence on the independent basis that he is a second felony offender. La.C.Cr.P. art. 893; State v. Wimberly, 414 So.2d 666 (La.1982). Defendant is also ineligible for diminution of sentence for good time by virtue of LSA-R.S. 15:571.3. However, the record before us does not indicate ineligibility for parole under LSA-R.S. 15:574.4.
Accordingly, defendant’s sentence is amended to reflect eligibility for parole upon serving of one-half of the sentence imposed in accordance with LSA-R.S. 15:574.4(A).
CONVICTION AFFIRMED
SENTENCE IS AMENDED AND AS AMENDED AFFIRMED

. Defendant was originally charged by Bill #11-83-775 with (Count I) simple burglary and (Count II) simple arson. These counts were severed by the state before trial of the arson charge because they were not triable by the same mode of trial See La.C.Cr.P. art. 493.
The minute entry of May 17, 1984, indicates defendant also pled guilty to count I of this bill when entering his guilty pleas to the other pending charges referenced above. However, the sentencing transcript of February 28, 1985, does not indicate sentence was imposed as to Count I of Bill #11-83-775. Therefore, the appeal under this Bill number relates only to Count II.

. None of the records consolidated for this appeal contain an assignment of error number seven.

. Defendant and' Pointer were charged by a single bill on that count. Due to a conflict of interest, that charge against the two men was severed.

. Although La.C.Cr.P. art. 521 and 703 imply that a motion to supress should be in writing, in several cases an oral motion to suppress was reviewed without comment. See, State v. Beals, 410 So.2d 745 (La.1982).