550 So.2d 1289 (1989)
STATE of Louisiana
v.
Emmett SPOONER.
No. KA 88 1557.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
*1291 Emmett Spooner, Baton Rouge, in pro. per.
Allen J. Myles, Plaquemine, for State.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Emmett Spooner was charged by indictment with forgery, in violation of LSA-R.S. 14:72. He pled not guilty and, after trial by jury, was found guilty of attempted forgery. He received a sentence of three years at hard labor. The defendant has appealed, alleging twenty-three assignments of error (filed by defense counsel), as follows:

*1292 1. It was error to deny the defendant's motion to recuse the trial judge.
2. The trial judge erred in denying the defendant's motion for a continuance.
3. The trial judge erred in denying the defendant's motion to quash.
4. The trial judge erred in denying the defendant's motion for a mistrial.
5. The trial judge erred in denying the defendant's motion for a mistrial.
6. The trial judge erred in overruling a defense objection.
7. The trial judge erred in overruling a defense objection.
8. The trial judge erred in overruling a defense objection.
9. The trial judge erred in overruling a defense objection.
10. The trial judge erred in sustaining an objection made by the state.
11. The trial judge erred in sustaining an objection made by the state.
12. The trial judge erred in denying the defendant's motion for mistrial.
13. The trial judge erred in denying the defendant's motion for a mistrial.
14. The trial judge erred in overruling a defense objection.
15. The trial judge erred in overruling a defense objection.
16. The trial judge erred in overruling a defense objection.
17. The trial judge erred in overruling a defense objection.
18. The trial judge erred in overruling a defense objection.
19. The trial judge erred in denying the defendant's motion for a mistrial.
20. The trial judge erred in denying the defendant's motion for a mistrial.
21. The trial judge erred in denying the defendant's motion for a mistrial.
22. The trial judge erred in overruling a defense objection.
23. The trial judge erred in denying the defendant's motion for a new trial.
Assignments of error numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, and 22 were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
Subsequently, the trial court granted the defendant's motion to act as co-counsel on appeal. The defendant filed, in proper person, seventeen supplemental assignments of error, as follows:
1. The trial court erred in denying the defendant's request to conduct his own defense at the trial.
2. The trial court erred in denying the defendant the right to cross-examine a prosecution witness.
3. The trial court erred in its instructions to the jury.
4. The trial court erred in allowing the prosecution to admit into evidence incriminating testimony which had not been revealed to the defense through pretrial discovery.
5. The trial court erred in denying the defendant's motion for a mistrial.
6. The trial court erred in denying the defendant's motion for a mistrial.
7. The trial court erred in allowing hearsay testimony to be admitted into evidence.
8. The trial court erred in allowing State Exhibit 1 to be admitted into evidence over defense objection.
9. The trial court erred in allowing hearsay testimony to be admitted into evidence.
10. The trial court erred in allowing hearsay testimony to be admitted into evidence.
11. The trial court erred in allowing the handwriting exemplars to be admitted into evidence over the defendant's objection.
12. The trial court erred in allowing improper testimony to be admitted into evidence.
13. The trial court erred in denying the defendant's motion for a mistrial.
14. The trial court erred in denying the defendant's motion for a mistrial.

*1293 15. The trial court erred in overruling the defendant's objection to the jury instructions.
16. The trial court erred in its instructions to the jury.
17. LSA-R.S. 14:72 is unconstitutional.
Supplemental assignments of error numbers 4, 12, 15, and 16 were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.[1]
The following facts are derived from the trial testimony. The defendant filed a 1982 Louisiana state income tax return for Mr. and Mrs. Eddie Pipes. A Louisiana state income tax refund check (no. 1201342) dated September 3, 1983, and payable to the Pipes, was mailed to the defendant's office at 855 North Alexander Street in Port Allen, Louisiana. The amount of this refund check was $554.00. Danny Mixon, an agent in the Enforcement and Intelligence Unit of the Louisiana Department of Revenue and Taxation, discovered this refund check while conducting an investigation of forged income tax refund checks. He contacted Mr. and Mrs. Pipes at their residence in Denham Springs. They informed him that they had never received this refund check and, although their signatures appeared on the back of the check as endorsements, they did not sign these endorsements. The defendant's signature also appeared on the back of the check as an endorsement.
Mr. and Mrs. Pipes testified at the trial that the defendant did not tell them about their refund and, therefore, they were not expecting a refund check. They also testified that they did not give the defendant permission to sign this refund check for them. In fact, Mr. Pipes testified that the defendant had requested a power of attorney; but he had refused to give this authority to the defendant.
When the defendant was arrested and charged with forgery, he told Agent Mixon that Mr. and Mrs. Pipes had signed the check in his presence at his office on North Alexander Street in Port Allen. He also admitted that the third endorsement on the back of the check was his signature. However, when Agent Mixon presented the defendant with handwriting samples which contained authentic examples of the Pipes' signatures, the defendant changed his story and told Agent Mixon that he had left the check on his desk at his office and that someone else must have signed the Pipes' signatures while he was gone. Finally, the defendant stated that he cashed the refund check at Plaquemine Bank & Trust.
Virginia Richard, a bank teller at Plaquemine Bank & Trust, testified that the back of the refund check had a stamp on it which indicated her name, teller number, and the date that the check was cashed. The check was cashed on September 16, 1983; but Ms. Richard was unable to remember any circumstances about the cashing of the check.
Prosecution witness Robert Foley, a handwriting analysis expert, testified that he had examined the signatures on the back of this refund check as well as handwriting exemplars taken from Mr. and Mrs. Pipes and the defendant. Mr. Foley testified that, in his opinion, the defendant had written the names of the payees, Mr. and Mrs. Pipes.
When called by the defense, Betty Nelson testified that she was the defendant's campaign manager when he ran for state representative in 1983. She testified that the defendant was campaigning in Pointe Coupee Parish on September 16, 1983, the *1294 date the check was cashed in Iberville Parish. Another campaign worker, Larry Bell, also testified that the defendant campaigned in Pointe Coupee Parish on September 16, 1983. The defendant did not testify at the trial.
ASSIGNMENT OF ERROR NUMBER ONE (DEFENSE COUNSEL):
In this assignment of error, the defendant contends that it was error to deny his motion to recuse the trial judge. Initially, the defendant filed a motion to recuse all four judges from the 18th Judicial District Court. The Louisiana Supreme Court appointed Judge Robert S. Robertson to hear this first motion to recuse. After a hearing, Judge Robertson denied this motion. The defendant then filed a motion to recuse the District Attorney's Office and Judge Jack T. Marionneaux, the trial judge. In this second motion to recuse, the defendant argued that Judge Marionneaux would be unable to conduct a fair and impartial trial, since he contemplated appearing as a witness against the defendant in a contempt proceeding. The defendant also argued that the District Attorney's Office and the trial judge had received political pressure (resulting from the proceedings pending against the defendant) which would prevent them from administering justice in a fair and impartial manner. After a hearing on the defendant's second motion to recuse, Judge Ian W. Claiborne denied the motion.
In his brief, we note that the defendant limits his argument to the issue of whether or not Judge Marionneaux should have been recused. Although his second motion to recuse referred to both Judge Marionneaux and the District Attorney's Office, the defendant has abandoned his argument that the District Attorney's Office should have been recused.
Concerning Judge Marionneaux, the defendant's brief states:
[I]t is evident that the trial judge, the Honorable Jack T. Marionneaux, harbored prejudice toward defendant, Emmett Spooner, and as a matter of law should have recused himself from presiding over defendant's trial. Defendant submits that by a cursory review of the transcripts on this matter, the testimony is replete with evidence indicating the prejudice against defendant by the Honorable Jack T. Marionneaux, and it was error for the court not to recuse the Honorable Jack T. Marionneaux from presiding over the trial in this matter.
However, the defendant's brief failed to allege any specific grounds to support the conclusion that Judge Marionneaux "harbored prejudice toward defendant."
Concerning the defendant's allegation that Judge Marionneaux had been exposed to political pressure which would prevent him from administering justice in a fair and impartial manner, Judge Marionneaux did admit at the hearing on the second motion to recuse that political pressure had been exerted in this case. However, he testified that it would not have any influence over him and that he did not know of any reason why he could not be fair and impartial in presiding over the defendant's trial.
The other ground for the defendant's motion to recuse Judge Marionneaux was that he contemplated appearing as a witness against the defendant. The defendant had apparently left the country while on bail, in violation of the conditions of bail. When the defendant failed to appear at a scheduled court proceeding, Judge Marionneaux issued a bench warrant for his arrest. Judge Marionneaux noted that, if the prosecution moved to have the defendant's bail revoked, he might have to appear as a witness against the defendant to testify that he had specifically told the defendant not to leave Louisiana. Therefore, Judge Marionneaux recused himself in the event of such a revocation hearing. However, Judge Marionneaux concluded that he could preside over a contempt hearing involving the defendant's failure to appear at the scheduled court date. The defendant argued that the fact that Judge Marionneaux might appear as a witness against him in a bail revocation hearing would affect his ability to conduct a fair and impartial *1295 trial. However, Judge Claiborne concluded otherwise, deciding that Judge Marionneaux could properly hear the contempt proceeding and that he had also acted properly in recusing himself should the prosecution move for a bail revocation hearing.
LSA-C.Cr.P. art. 671 provides:
In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
(2) Is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree;
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
(4) Is a material witness in the cause;
(5) Has performed a judicial act in the case in another court; or
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
In any cause in which the state, or a political subdivision thereof, or a religious body is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body is not of itself a ground for recusation.[2]
It is well settled that a trial judge is presumed to be impartial. State v. Edwards, 420 So.2d 663 (La.1982); State v. Collins, 288 So.2d 602 (La.1974). For an accused to be entitled to the recusation on the grounds of bias, prejudice, and personal interest, such bias, prejudice and personal interest must be of a substantial nature based on more than mere conclusory allegations. State v. Edwards, supra; State v. McCarty, 499 So.2d 292 (La.App. 1st Cir. 1986), writ denied, 505 So.2d 56 (La. 1987).
After reviewing the evidence presented by the defendant at the hearing on the second motion to recuse, we are convinced that Judge Claiborne correctly denied the motion. The defendant's allegations that Judge Marionneaux was not able to conduct a fair and impartial trial were unsubstantiated and would not support his recusal under LSA-C.Cr.P. art. 671.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOURTEEN (DEFENSE COUNSEL):
In this assignment of error, the defendant contends that the trial judge erred in allowing the prosecution to introduce evidence of an inculpatory statement without the notice required by LSA-C.Cr.P. art. 768.
On May 16, 1985, the first trial in this matter ended in a mistrial when the clerk incorrectly read the wrong indictment. After the defendant's motion for a mistrial was granted, the defendant approached Mr. and Mrs. Pipes and informed them that he was sorry that he had not had a chance to talk to them about the matter. He also informed them that he knew that the check was forged, but he did not forge the check. When the prosecution attempted to introduce this statement into evidence, the defendant objected and argued that it was inadmissible because the prosecution had not provided the notice required by LSA-C. Cr.P. art. 768.
LSA-C.Cr.P. art. 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it *1296 fails to do so a confession or inculpatory statement shall not be admissible in evidence.
The defendant does not deny that he was granted pretrial discovery. However, he argues that this statement was made by the defendant after discovery had been concluded. Although the prosecution supplied this statement to the defendant, the defendant complains that the prosecution used "deceitful, prejudicial" tactics by characterizing the statement as exculpatory and supplying it to the defense in a supplemental answer to the defendant's request for any information favorable to the accused.
The prosecution is not required to give Article 768 notice in order to introduce into evidence a statement which is exculpatory. State v. Curry, 325 So.2d 598 (La. 1976); State v. Whitaker, 489 So.2d 998 (La.App. 1st Cir.), writ denied, 494 So.2d 324 (La.1986). Because there are two ways to commit the crime of forgery, it could be argued that the instant statement is both exculpatory and inculpatory. The defendant stated that he did not forge the check. Therefore, in this sense, the statement was exculpatory. However, the defendant also stated that he knew the check was forged. Because the defendant had previously stated to Agent Mixon that he had cashed the check at Plaquemine Bank & Trust, the instant statement could also be viewed as inculpatory, since the cashing of a check known to be a forged writing may also constitute forgery. LSA-R.S. 14:72. Since the instant statement could reasonably be viewed as either inculpatory or exculpatory, we do not fault the prosecution for characterizing it as exculpatory. We hold that, by supplying this statement to the defense through a supplemental answer to discovery, the prosecution was not required to provide article 768 notice to introduce this statement into evidence.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER NINETEEN (DEFENSE COUNSEL):
In this assignment of error, the defendant contends that the trial judge erred in denying his motion for a mistrial. During the cross-examination of defense witness Betty Nelson, the trial judge ordered the jury out of the courtroom and reprimanded a spectator, Mr. Clayton, for shaking his head in such a manner that it appeared that he was suggesting answers to Ms. Nelson. After reprimanding the spectator, the trial judge ordered a short recess. Immediately after the recess, the defendant requested a mistrial, arguing that prejudicial conduct had occurred in the courtroom, making it impossible for him to receive a fair trial. To support his motion for a mistrial, the defendant introduced the testimony of Captain C.J. Cazes, who testified that, after he escorted the jury from the courtroom, four of the seven jurors commented that it was "about time that they caught him." Captain Cazes testified that the jurors were referring to the conduct of Mr. Clayton, the spectator who had just been reprimanded by the trial judge. Although the defendant argued that the jury would be inclined to discredit Ms. Nelson's testimony since it appeared that she was being coached by Mr. Clayton, the trial judge disagreed, concluding that the jury did not know who Mr. Clayton was. The trial judge denied the defendant's motion for a mistrial, barred Mr. Clayton from the courtroom for the rest of the trial, and admonished the jury to disregard any effect that Mr. Clayton's conduct might have had.
LSA-C.Cr.P. art. 771(2) is concerned with prejudicial remarks made by persons other than the court, district attorney, or court officials, and provides that, regardless of whether or not the remark is within the scope of Article 770, the court may, in its discretion, grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial. LSA-C. Cr.P. art. 775 requires a mistrial if prejudicial conduct inside or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized under Article 770 or 771.
Mistrial is a drastic remedy. It has been held that when the conduct does not *1297 fall within the mandatory mistrial provisions, the judge has the sound discretion to determine whether or not the activity or comment is so prejudicial to the defendant that he could not receive a fair trial. State v. Johnson, 475 So.2d 394 (La.App. 1st Cir.), writ denied, 478 So.2d 143 (La. 1985); State v. Wright, 441 So.2d 1301 (La.App. 1st Cir.1983). Under the circumstances, we conclude that the trial judge's admonition to the jury was sufficient; and we find no abuse of discretion in the denial of the requested mistrial.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWENTY (DEFENSE COUNSEL):
In this assignment of error, the defendant contends that the trial judge erred in denying his motion for a mistrial. Specifically, the defendant argues that he was entitled to a mistrial because the prosecutor, during closing argument, made an indirect reference to the defendant's failure to take the witness stand, as follows:
You have heard both cases now and you are at the point of arguments, closing statements. After this you are going to go into the jury room and you are going to deliberate. I want you to remember when you go into the jury room what your obligation is as a juror, the oath that you took, the function that you serve. You are to find the facts of this case, the truth in this case, and what happened, that's your function. To render a fair and just verdict based, of course, on evidence or the lack of evidence. Sometimes that is important. What you heard in this case from this witness stand.
MR. D'AQUILA: Objection, we move for a mistrial, Your Honor.
THE COURT: The jury will be removed. (R. 490).
La.C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(3) The failure of the defendant to testify in his own defense; ...
However, this provision must be read in conjunction with LSA-C.Cr.P. art. 774, which provides, in pertinent part:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
In order to mandate a mistrial, the inference must be plain that the prosecutor's remark was intended to bring to the jury's attention the failure of the defendant to testify. State v. Smith, 433 So.2d 688 (La. 1983). Normally, a statement that the State's theory of the case remains unassailed encompasses the entire case presented by the defense and does not focus on the defendant's failure to take the stand. However, when the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify. State v. Latin, 412 So.2d 1357 (La.1982).
In the instant case, the prosecutor did not characterize the State's case as "unassailed" or "uncontroverted." Furthermore, the defendant was not the only person who could have refuted the State's case. This fact is reflected by the defendant's use of alibi witnesses, who testified that he was campaigning in Pointe Coupee Parish on the day the State contends that he negotiated the forged check at Plaquemine Bank and Trust.
In our view, the prosecutor's remarks were not intended to direct the jury's attention to the defendant's failure to testify. Rather, they were directed to the lack of evidence to refute the State's case. We conclude that the prosecutor's *1298 comments were properly within the scope of LSA-C.Cr.P. art. 774 and that they did not constitute a comment on the defendant's failure to take the stand. See State v. Sims, 346 So.2d 664 (La. 1977); State v. Burch, 261 La. 3, 258 So.2d 851 (La.1972).
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TWENTY-ONE (DEFENSE COUNSEL):
In this assignment of error, the defendant argues that he was entitled to a mistrial when the prosecutor, during rebuttal closing argument, made reference to another crime committed by the defendant, in violation of LSA-C.Cr.P. art. 770(2). During rebuttal closing argument, the prosecutor stated:
Think about it now. You have the right to own. You have the right to have what you've worked for, what you are entitled to. Each of you have that. The Pipes have the same rights. You have the right to be protected from thievery. You've got that right. Nobody has the right to come and take something that is yours. It's not right. Who hasn't got rights, too?
MR. D'AQUILA: Object, Your Honor, and we move for a mistrial.
THE COURT: The jury will step out of the courtroom, please. (R. 509).
LSA-C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;...
The defendant contends that the prosecutor's above-quoted remark referred to a separate crime of theft, although the defendant was on trial for forgery. The trial judge denied the defendant's motion for mistrial, concluding that the prosecutor was referring to the facts of the instant forgery. We agree. The evidence was clear that a state income tax refund check was issued in the amount of $554.00 payable to Mr. and Mrs. Pipes. The defendant forged the Pipes' signatures and cashed the check at Plaquemine Bank & Trust. The prosecutor's argument obviously referred to the instant forgery, not a separate crime of theft, as argued by the defendant.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TWENTY-THREE (DEFENSE COUNSEL):
In this assignment of error, the defendant contends that the trial judge should have granted his motion for a new trial, which was based upon newly discovered evidence that the jurors had discussed the evidence among themselves prior to their deliberations.
LSA-C.Cr.P. art. 851 provides, in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment;...
A review of the instant trial transcript reveals that the trial judge did not specifically admonish the jurors not to discuss the case among themselves. The defendant contends that the jurors' discussion of the evidence prior to receiving instructions *1299 from the trial judge prevented him from receiving a fair and impartial trial. He argues that the trial judge should have admonished the jurors not to discuss the case among themselves before they were retired for deliberations. However, there is no statutory requirement that the trial judge instruct the jurors not to discuss the case among themselves. See State v. Bullock, 476 So.2d 1008 (La.App. 3d Cir.1985), writ denied, 481 So.2d 628 (La.1986).
Absent a showing that the jurors discussed the case among themselves, there exists no prejudicial error and, hence, no grounds for a new trial. State v. Vince, 305 So.2d 916 (La.1974); State v. McCauley, 272 So.2d 335 (La.1973). However, the instant case is distinguished from the situations presented in Vince and McCauley, because the defendant proved that some of the jurors in the instant case discussed the facts among themselves.
In two hearings conducted after the trial, the defendant introduced the testimony of four of the six jurors and the testimony of the alternate juror. Two of the jurors testified that the evidence was discussed prior to deliberations. A third juror testified that evidence was not discussed prior to deliberations. A fourth juror testified that the evidence was discussed at some breaks, but he did not discuss the evidence and these discussions by the other jurors had no effect on his decision. This juror also testified that no decision about the case was made prior to deliberations. Finally, the alternate juror testified that the evidence was discussed prior to deliberations.
Although some of the jurors indicated that they had discussed the case among themselves before deliberations, there is no indication that the jurors did not objectively hear all of the evidence presented at this trial. In fact, the two jurors who stated that they had discussed the case prior to deliberations both stated that these discussions did not have any influence on their verdict. The juror who stated that evidence was discussed at some breaks, although he did not participate in these discussions, also testified that the other jurors' discussions had no effect on his decision about the verdict. Even the alternate juror, who testified that jurors had discussed the evidence among themselves prior to deliberations, also testified that she would not have been influenced by these discussions had she participated in the jury deliberations.
The defendant argues that the jurors had already made up their minds even before the judge charged them on the law and that this fact is reflected by the very short time required for the jury to reach a verdict in this case. However, we note that another possible explanation for the short time the jury needed to reach a verdict might well have been the fact that the evidence against the defendant was overwhelming. We also note that the jurors who admitted discussing the case before deliberations were not guilty of any misconduct, since the trial judge had not admonished them to the contrary. Under the circumstances, we conclude that the jurors were not influenced by any discussions of the case prior to deliberations. Therefore, we find that the trial judge correctly denied the defendant's motion for new trial.
This assignment of error is without merit.
SUPPLEMENTAL ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
In supplemental assignment of error number one, the defendant contends that the trial court erred in denying his request to conduct his own defense at trial. In supplemental assignment of error number two, defendant contends that the trial court erred in denying the defendant his right to cross-examine a witness at the trial.
During a pretrial hearing which took place on March 8, 1985, the trial court stated that it intended to appoint two attorneys to represent the defendant at the trial. The trial court noted that it would have allowed the defendant to represent himself at trial, but for the fact that the defendant had alleged ineffective assistance of counsel *1300 in another proceeding in which the defendant had represented himself at trial. The trial court stated that it did not intend to allow the defendant to represent himself in the instant case and subsequently allege ineffective assistance of counsel on appeal. The defendant did not object to the trial court's ruling. During this colloquy, the defendant stated:
[M]y objection with respect to the Court, Your Honor, has been that I don't think that there is sufficient counsel in the Eighteenth Judicial District to adequately represent me....
However, after being assured by the trial court that the appointed defense attorneys would perform "as they should," the defendant stated:
Okay, and Your Honorwith respect to that too, I don't have no (sic) problem with that, and I appreciate Your Honor moving in that direction.
From an examination of the March 8, 1985, hearing, it is obvious that the defendant's only objection to having counsel appointed to conduct his defense was his apprehension that appointed counsel might not perform adequately. However, upon being assured by the trial judge (who appointed two attorneys to represent the defendant at this hearing and a third attorney later in the proceedings) that appointed counsel would perform adequately, the defendant voiced no further objection. Therefore, the defendant cannot now complain that he was denied the right to represent himself at the trial when any such objection was waived before trial.
Moreover, we agree with the trial court's reasoning in its decision to appoint counsel in this case, rather than allowing the defendant to conduct his own defense. Less than one year before the instant hearing, the defendant had represented himself at trial in another criminal proceeding in the Eighteenth Judicial District Court. Subsequently, as the trial court noted, the defendant had alleged ineffective assistance of counsel, i.e., an admission that his self-representation had proven inadequate. A defendant cannot choose to represent himself and thereafter complain that the quality of his own defense amounted to a denial of the effective assistance of counsel. Faretta v. California, 422 U.S. 806, 834, 95 S.Ct. 2525, 2540, 45 L.Ed.2d 562, n. 46 (1975); State v. Dupre, 500 So.2d 873 (La.App. 1st Cir.1986), writ denied, 505 So.2d 55 (La.1987).
The defendant also contends that the trial court erred in preventing him from cross-examining a prosecution witness at the trial. Instead, the trial court allegedly informed the defendant that only his attorneys could conduct cross-examination of witnesses. In his supplemental brief to this Court, the defendant contends that this restriction of his right to cross-examine a witness occurred during the testimony of State witness Debra Pipes. However, the record does not indicate that the defendant attempted to personally cross-examine this witness. In any event, since we concluded that the trial court properly denied the defendant's request to represent himself at the trial, we likewise conclude that, if the trial court did prevent the defendant from personally cross-examining a witness at the trial, such action was proper. A defendant has no right to be both represented and representative. See State v. McCabe, 420 So.2d 955 (La.1982); State v. Booker, 444 So.2d 238 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1227 (La.1984).
For the above reasons, these assignments of error are meritless.
SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error, the defendant contends that the trial court gave erroneous instructions to the jury. In his brief to this Court, the defendant is obviously referring to the jury charge as a whole. He appears to argue that, because of the instructions given to the jury by the trial court, he was convicted in spite of the fact that there was no evidence that he committed the instant offense.
*1301 The defendant notes that there was a contemporaneous defense objection to the jury instructions. However, he fails to point out that the defense objection was limited to a particular portion of the jury instructions, i.e., a special jury charge requested by the State. A defendant is limited on appeal to grounds for objection articulated at the trial. A new basis for objection cannot be raised for the first time on appeal. State v. Brown, 481 So.2d 679 (La.App. 1st Cir.1985), writ denied, 486 So.2d 747 (La.1986). We note that the trial court made several changes to the State's requested special jury charge; and the amended special charge was subsequently included in the trial court's jury instructions. We have reviewed this special jury charge and find that, as amended by the trial court, it is correct and was properly given to the jury.
This assignment of error is meritless.
SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER FIVE:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial. He argues that the prosecutor, during his opening statement, made a reference to other crimes committed by the defendant.
The prosecutor's remarks which formed the basis of this objection are as follows:
[PROSECUTOR]: We are going to prove that Mr. Spooner, the defendant in this case, [was] employed by the two people I mentioned to do their income tax. We are going to prove that Spooner did some work for these people. We are going to prove that returns were filed on these people on behalf of Mr. Spooner. And the subject returns, we contend, and you will hear the testimony from this stand, were filed without their knowledge.
[DEFENSE COUNSEL]: I'm going to object and move for a mistrial, Your Honor, and ask that the jury be excused. (R. 169).
LSA-C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Examining the prosecutor's opening statement as a whole, it becomes apparent that the prosecutor was suggesting that the reason why the defendant was able to commit the instant offense was because the victims did not know they were going to receive an income tax refund check. Because the defendant filed their tax return "without their knowledge," the victims did not know that a refund check was due or that the refund check had been cashed by the defendant.
The defendant contends that the prosecutor's remarks quoted above constituted an indirect reference to other crimes evidence, i.e., the forgery of tax returns. We disagree.
The mere statement that the tax returns were filed without the victims' knowledge does not automatically imply that the defendant forged these tax returns. Moreover, even if such an inference was readily apparent from the prosecutor's comments, a mistrial would not necessarily be granted on the grounds of other crimes evidence. Other crimes evidence is admissible when it is related and intertwined with the charged offense to such an extent that the State could not have accurately *1302 presented its case without reference to it. State v. Arvel, 481 So.2d 691 (La.App. 1st Cir.1985). In the instant case, a jury might have wondered how the defendant could forge a tax refund check mailed to the victims. Thus, an explanation that the check was not mailed to the victims, but to the defendant, accompanied by a further explanation that the victims did not know that a refund was due, might be necessary to explain to the jury how and why the defendant had the opportunity to commit this offense. Without this background information, the State could not accurately present its case. See State v. Sanford, 446 So.2d 1381 (La.App. 1st Cir.1984).
This assignment of error is meritless.
SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER SIX:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial. Specifically, the defendant contends that, during the prosecutor's direct examination of a state witness, the prosecutor referred to the forgery of more than one check. The defendant contends that this reference to "checks" constituted an impermissible reference by the prosecutor to other crimes evidence.
During the direct examination of Danny Mixon, the following colloquy occurred:
Q Detective Mixon, where were you employed in 1983 and 1984, say December of '83 and '84?
A At that time I was employed at the Department of Revenue in Baton Rouge.
Q What was your duty, sir, with the Department of Revenue?
A I was a special agent. Mainly I conducted investigations regarding tax problems, etc., with the Department of Revenue and Taxation, failure to pay sales tax, income tax or investigations, etc.
Q How long, Mr. Mixon, have you been in law enforcement in one capacity or another?
A Too long30 years.
Q Did you have occasion to investigate an alleged forgery of some checks
MR. D'AQUILA: Objection, Your Honor, move for a mistrial. Ask that the jury be removed.
THE COURT: Take the jury out.
After the jury was removed, the defense argued that the prosecutor's reference to "checks" was a prejudicial reference to other forgeries. The prosecutor noted that he had made no reference to the defendant when questioning Mr. Mixon about the forgery investigation. The trial court denied the motion for a mistrial but admonished the jury as follows:
THE COURT: Ladies and Gentlemen of the Jury, Mr. Myles asked a question to Mr. Mixon regarding checks. I'm going to admonish you to disregard any notion as to more than one check in this case. There is only one check at issue. That's it. You are to disregard any feelings you may have concerning flurality (sic) of that word. One check is involved in this case. (R. 184).
LSA-C.Cr.P. article 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Mistrial is a drastic remedy and is warranted only when trial error results in substantial *1303 prejudice to the defendant sufficient to deprive him of a fair trial. State v. Edwards, 420 So.2d 663 (La.1982). When considering an alleged reference to other crimes evidence, unless a mistrial is mandated under Article 770, the trial court is granted discretion to determine whether a fair trial is not possible or whether an admonition is sufficient to assure a fair trial. The trial court's ruling is not to be disturbed on review absent an abuse of discretion. See State v. Hardeman, 467 So.2d 1163 (La.App. 2d Cir.1985). See also State v. Narcisse, 426 So.2d 118 (La.), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983).
Granted that a reference to the forgery of "some checks" could be deemed a reference to more than one offense, we nonetheless conclude that a mistrial was not mandated under Article 770. It is not merely the reference to "another crime" which evokes the protection of Article 770; the reference must be to another crime "committed or alleged to have been committed by the defendant as to which evidence is not admissible." LSA-C.Cr.P. article 770; State v. Madison, 345 So.2d 485 (La.1977). At the time the prosecutor asked this question regarding "some checks," he had made no mention of the defendant's name and, therefore, the forgery of these "checks" was not alleged by the prosecutor to have been committed by the defendant. See State v. Ware, 345 So.2d 33 (La.1977).
We conclude that a mistrial was not mandated under Article 770. Under these circumstances, we find no abuse of the trial court's discretion in denying the defendant's motion for a mistrial. Furthermore, the trial court's admonition to the jury was sufficient to assure the defendant a fair trial by curing any prejudice which the prosecutor's reference to "checks" might have created.
For the above reasons, this assignment of error is meritless.
SUPPLEMENTAL ASSIGNMENTS OF ERROR NUMBERS SEVEN, NINE, AND TEN:
In these assignments of error, the defendant contends that the trial court erred in permitting the testimony of State witnesses Danny Mixon, E. Paul Venable, Jr. and Gerald Riggleman. The defendant contends that the testimony of these witnesses was admitted without foundation and, because these witnesses had no direct knowledge of the case, all of their testimony constituted hearsay evidence.
We have reviewed the testimony of these three state witnesses. On four different occasions during Mr. Mixon's testimony, the defense objected on the basis that the prosecutor's question called for a hearsay response. On each of these four occasions, the trial court sustained the objection before Mr. Mixon was allowed to answer the question. Additionally, on two separate occasions during Mr. Mixon's testimony, when he began to refer to hearsay while answering a question, the defense objected and the trial court sustained the objection.
During the testimony of Mr. Venable, the defense made no hearsay objections. Finally, during Mr. Riggleman's testimony, when the prosecutor attempted to introduce into evidence the Pipes' Louisiana 1982 tax return, the defense objected on the basis that a proper foundation had not been established and that the document itself was hearsay. The trial court sustained the objection, and the tax return was not admitted into evidence.
A review of the above testimony indicates that the defense made a total of seven hearsay objections during the testimony of these three witnesses, all of which were sustained by the trial court. The defendant has no basis to complain about these rulings on appeal since all of them were favorable to him. Furthermore, we disagree with the defendant's contention that the entire testimony of these three witnesses was based upon hearsay. Our review of the record indicates that these witnesses testified based upon their direct knowledge of the case.
These assignments of error are meritless.
SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER EIGHT:
In this assignment of error, the defendant contends that the trial court erred in *1304 allowing State Exhibit One to be admitted into evidence over defense objection. He contends that State Exhibit One was admitted into evidence without proper identification and foundation.
In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. A continuous chain of custody is not essential to enable the State to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized. Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. Ultimately, chain of custody or connexity of the physical evidence is a factual matter for determination by the jury. State v. Serigny, 481 So.2d 659 (La. App. 1st Cir.1985), writ denied, 484 So.2d 667 (La.1986).
There is no doubt that State Exhibit One was relevant to the instant case. The defendant was charged with forgery. The indictment refers to a check drawn on the Treasury Department of the State of Louisiana. State Exhibit One was a Louisiana State income tax refund check (number 1201342) dated September 3, 1983. The check was made payable to the Pipes, but it was mailed to the defendant's office at 855 North Alexander Street, Port Allen, Louisiana. On the reverse side, the check contained the signatures purporting to be those of the victims and the defendant.
Mr. Mixon testified that he retrieved this check from the Louisiana Department of Revenue and Taxation individual income tax section files and that the check remained in his possession until trial. Mr. Mixon testified that he showed his check to the defendant and the defendant identified the signature on the back of the check. Mr. Mixon testified that the defendant initially stated that the Pipes endorsed the check in his presence at his office. However, according to Mr. Mixon, the defendant subsequently changed his story and stated that the check was left on his desk and could have been endorsed without his knowledge. Finally, Mr. Mixon testified that the defendant admitted cashing this check at the Plaquemine Bank and Trust.
Given the above information, there can be no doubt that State Exhibit One was properly admitted into evidence. Clearly, it was more probable than not that this check was the one related to the case. State v. Drake, 319 So.2d 427 (La.1975).
This assignment of error is meritless.
SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER ELEVEN:
In this assignment of error, the defendant contends that the trial court erred in allowing the handwriting exemplars (State Exhibit Three) to be introduced into evidence over defense objection. Specifically, he contends that the handwriting exemplars were obtained through illegal arrest, search, and seizure, and that a proper foundation was not established for their introduction into evidence.
A defendant is limited on appeal to grounds for objection articulated at the trial. A new basis for objection cannot be raised for the first time on appeal. State v. Brown, 481 So.2d 679 (La.App. 1st Cir. 1985), writ denied, 486 So.2d 747 (La. 1986).
In his brief to this Court, as noted above, defendant contends that the handwriting exemplars were obtained illegally and were also introduced into evidence without a proper foundation. However, the defendant made no such objection at the trial. The record indicates that most of the handwriting exemplars in State Exhibit Three were initially introduced into evidence without defense objection. Apparently, some of the handwriting exemplars were omitted when State Exhibit Three was initially admitted into evidence. The omitted exemplars were identified by Officer Venable; and the prosecutor requested that the omitted exemplars be reintroduced into evidence as State Exhibit Three. At this *1305 point, the defense objected and argued that some of the handwriting exemplars constituted other crimes evidence because they contained the names of three other forgery victims, i.e., John Taylor, Ebray Spears, and Irma Spears. However, both the prosecutor and the trial court explained that the jury would not know these victims and could not possibly suspect that these names were anything other than names randomly chosen for the purpose of handwriting analysis. The trial court overruled the defendant's objection and allowed the remaining exemplars to be admitted into evidence as part of State Exhibit Three.
From a review of the record, it is apparent that the defendant's objection at trial was not based on the grounds urged in his brief to this Court. Accordingly, the grounds argued in brief are not properly before this Court on appeal.
This assignment of error is meritless.
SUPPLEMENTAL ASSIGNMENTS OF ERROR NUMBERS THIRTEEN AND FOURTEEN:
In supplemental assignment of error number thirteen, the defendant contends that the trial court erred in denying his motion for a mistrial based upon an alleged reference to his failure to testify made by the prosecutor during closing argument. In supplemental assignment of error number fourteen, the defendant contends that the trial court erred in denying his motion for a mistrial based upon the prosecutor's closing argument reference to theft, which allegedly constituted other crimes evidence. These same assignments of error were previously addressed in assignments of error numbers twenty and twenty-one (defense counsel), respectively, and found to be meritless.
SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER SEVENTEEN:
In this assignment of error, the defendant contends that, on its face, LSA-R.S. 14:72 is unconstitutionally vague and overbroad. He also contends that his conviction of attempted forgery, a responsive offense, was unconstitutional.
LSA-R.S. 14:72 provides:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.
To our knowledge, LSA-R.S. 14:72 has not been previously challenged on constitutional grounds. In order for a penal statute to avoid being unconstitutionally vague, it must describe the unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Davis, 448 So.2d 645 (La.1984); State v. Dousay, 378 So.2d 414 (La.1979). The standard of review of a penal statute which is alleged to be overly broad in its scope is whether or not the choice of sanctions of lawfully regulated activity infringes upon the exercise of protected freedoms. State v. Davis, supra; State v. Cannon, 383 So.2d 389 (La.1980), cert. denied, 454 U.S. 1052, 102 S.Ct. 596, 70 L.Ed.2d 587 (1981).
In his brief to this Court, the defendant merely makes a general allegation that LSA-R.S. 14:72 is unconstitutionally vague and overbroad. Considering this statute in light of the above standards, we conclude that LSA-R.S. 14:72 is neither vague nor overbroad.
The defendant also argues that his conviction of attempted forgery, a responsive offense, was unconstitutional. He questions the use of attempted forgery as a responsive verdict to the offense of forgery. There is no responsive verdict for the offense of forgery in LSA-C.Cr.P. article 814. LSA-C.Cr.P. article 815 provides that, when a responsive verdict for an offense is not provided in Article 814, a lesser *1306 and included grade of an offense is a responsive verdict. Under LSA-R.S. 14:27C, an attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears at the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt. State v. Scroggins, 465 So.2d 820 (La.App. 2d Cir.), writ granted in part on other grounds and denied in part, 469 So.2d 975 (La.1985).
The Louisiana Supreme Court has repeatedly upheld Article 814 against constitutional attacks. See State v. Marse, 365 So.2d 1319 (La.1978). We likewise conclude that LSA-C.Cr.P. art. 815 is not unconstitutional. Therefore, in the instant case, the jury verdict of attempted forgery was authorized by Article 815 and LSA-R.S. 14:27C and did not violate any provision of the United States or Louisiana Constitutions.
For the above reasons, this assignment of error is meritless.
Considering the foregoing, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In his brief to this Court, under the heading assignment of error number eighteen, the defendant contends that his sentence of three years at hard labor for the instant conviction was excessive. However, there is no assignment of error (filed by defense counsel or the defendant, in proper person) in the record addressing the excessiveness of this sentence. In accord with the well-established jurisprudence of the Louisiana Supreme Court, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. State v. Williams, 319 So.2d 404 (La. 1975); State v. Spears, 525 So.2d 329, 330 n. 4 (La.App. 1st Cir.), writ denied, 532 So.2d 175 (La.1988).
[2] LSA-C.Cr.P. art. 671 is quoted as it read prior to its amendment by Act 515, § 3 of 1988.