751 So.2d 973 (2000)
STATE of Louisiana
v.
April GEORGE.
No. 99-KA-887.
Court of Appeal of Louisiana, Fifth Circuit.
January 4, 2000.
Bruce G. Whittaker, Gretna, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, Attorneys for Plaintiff/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
DALEY, Judge.
This case is before this Court on a second appeal. In State v. George, 98-1149 (La.App. 5th Cir. 3/30/99), 743 So.2d 685, this court affirmed the defendant's conviction of armed robbery in violation of LSA-R.S. 14:64. The defendant was sentenced as a multiple offender to 150 years at hard labor. On defendant's motion, the sentence was reduced to 98 years. However, the trial judge failed to vacate the original sentence when the defendant was re-sentenced and this court remanded the matter for re-sentencing.
On remand the trial court vacated all prior sentences and re-sentenced the defendant *974 to 98 years as a habitual offender. The defendant filed a timely Motion for Appeal.
On appeal, defendant's counsel has filed a Motion to Withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), asserting that he can find no non-frivolous issues for appeal. Defendant was notified by counsel by regular mail of his right to file a supplemental brief as per Anders. No brief was filed. After thorough review, we find no appealable issues and affirm defendant's conviction and sentence. We have, however, noted two errors patent on the face of the record. Since none of these errors merit reversal of the conviction or sentence, they do not present any appealable issues which arguably support the appeal.
As a multiple offender, the defendant was sentenced pursuant to LSA-R.S. 15:529.1 G, which mandates that a sentence under this statute be imposed without benefit of probation or suspension of sentence. Although the amended commitment reflects that defendant's enhanced sentence was imposed without benefit of parole, probation or suspension of sentence, the transcript on re-sentencing does not reflect that the court imposed the statutory restrictions. It is well settled that where a transcript and a minute entry conflict, it is the transcript which governs. State v. Lynch, 441 So.2d 732 (La.1983).
Although defendant's sentence is illegally lenient, the jurisprudence in effect at the time of the commission of the underlying offense and at the time of re-sentencing does not allow this court to correct the error. That jurisprudence provided that, where the state failed to preserve the error for appeal by filing a timely Motion to Reconsider Sentence in the district court and by subsequently raising the issue on appeal, the reviewing court could not set aside an illegally lenient sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Harrell, 98-671 (La.App. 5 Cir. 1/26/99), 727 So.2d 1231. The instant record does not show that the State filed a timely Motion to Reconsider Sentence following the re-sentencing.
The law in this area changed on August 15, 1999, when LSA-R.S. 15:301.1 took effect. The new statute provides:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.

*975 D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
Retroactive application of the provisions of the statute would violate the prohibition against ex post facto laws, as it would expose defendant to a harsher punishment than the one imposed by the trial court.[1] Thus, we cannot correct the defendant's illegally lenient sentence.
We also note as error patent that the trial court failed to properly inform the defendant of the prescriptive period for seeking post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8. At the time of re-sentencing, the trial court informed the defendant that she had "three years from this sentencing" in which to file an Application for Post-Conviction Relief. This advisal is incomplete, as the prescriptive period begins to run "from the day the judgment of conviction and sentence become final." We remand the case to the district court and order the district court to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings.
Accordingly, we affirm the defendant's conviction and sentence. We remand the case to the district court with instructions for the trial court to correctly inform the defendant of the prescriptive provisions for seeking post-conviction relief.
SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] Ex post facto application of criminal laws by the state is prohibited by Article I, § 10 of the United States Constitution and Article I, § 23 of the Louisiana Constitution. This prohibition has traditionally extended only to penal statutes which disadvantage the offender affected by them. In Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), the United States Supreme Court determined that the constitutional prohibition against ex post facto laws is triggered by the statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime after its commission, or which deprives one charged with a crime of any defense available according to the law at the time the act was committed. See, State v. Robinson, 97-269 (La.App. 5 Cir. 5/27/98), 713 So.2d 828, writ denied, 98-1770 (La.11/6/98), 727 So.2d 444.