875 So.2d 898 (2004)
STATE of Louisiana
v.
Roy SARRIO.
No. 04-KA-89.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2004.
*899 Kevin V. Boshea, New Orleans, LA for Appellant, Roy Sarrio.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Court, Parish of Jefferson, Terry M. Boudreaux, Andrea F. LongAppellate Counsel, Assistant District attorneys, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
This is defendant's second appeal. On March 16, 1998, a jury found defendant, Roy Sarrio, guilty of one count of racketeering and two counts of possession with intent to distribute marijuana. On April 27, 1998, the trial court sentenced defendant to concurrent thirty-year prison terms on each count. On the same day, the court held an enhancement hearing pursuant to La. R.S. 40:982. The court found that defendant satisfied the requirements for enhancement under the statute, and imposed an additional sentence of sixty years at hard labor pursuant to La. R.S. 40:982. The judge ordered that all of the sentences be served concurrently.
Defendant appealed his convictions and sentences. This Court affirmed the convictions, but vacated defendant's sentences and remanded for re-sentencing. State v. Sarrio, 01-543 (La.App. 5 Cir. 11/27/01), 803 So.2d 212, writ denied, 02-0358 (La.2/7/03), 836 So.2d 86. This Court found that, although La. R.S. 40:982 authorized the district court to enhance defendant's sentence for possession with intent to distribute marijuana, the statute did not allow for the imposition of a separate sentence.
On remand, the trial court re-sentenced defendant on October 30, 2003 to thirty years at hard labor on each of his three convictions. The judge ordered that the sentences be served concurrently. Defendant *900 made an oral motion for appeal. On October 30, 2003, defendant also filed a written Motion to Reconsider Sentence, which was subsequently denied. On November 3, 2003, defendant filed a written Motion for Appeal, which was subsequently granted.

Facts
A summary of the pertinent facts in this case is contained in this Court's opinion on defendant's original appeal. State v. Sarrio, 803 So.2d at 215-218.

Discussion
On appeal, defendant raises two assignments of error: first, the three sentences imposed are "legally excessive, unduly harsh and violative of the federal constitution and the Constitution of the State of Louisiana," and, second, the trial court respectfully erred in the denial of the motion to reconsider sentence. We note that in his assignments of error on appeal, defendant contends both that the sentences imposed by the trial court are constitutionally excessive, and that the trial court erred in failing to comply with the provisions of La.C.Cr.P. art. 894.1. However, in his Motion to Reconsider Sentence made in the trial court after re-sentencing, defendant alleged only that "[t]his Motion is being made due to the excessive and harsh nature of the sentence imposed." The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness. State v. Dupre, 03-256, p. 7 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153; La.C.Cr.P. art. 881.1 A(2).
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Wickem, 99-1261, p. 10 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that discretion. State v. Parker, 03-288, p. 4 (La.App. 5 Cir. 7/29/03), 853 So.2d 67, 69. The issue on appeal is whether the trial judge abused his discretion, and not whether another sentence might have been more appropriate. Id.
At the time of the charged offenses,[1] the penalty for racketeering was imprisonment for not more than fifty years, or a fine of not more than one million dollars, or both. La. R.S. 15:1354(A). The sentencing range for possession of marijuana with intent to distribute was five to thirty years of imprisonment and a mandatory fine of not more than fifty thousand dollars. La. R.S. 40:967(B)(2).
The enhancement provision, La. R.S. 40:982, provided:
A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable *901 under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
B. For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs.
This Court established, in its earlier opinion in this case, that the trial court was authorized to apply the enhancement provisions of La. R.S. 40:982[2] in sentencing defendant on the marijuana charges. State v. Sarrio, 803 So.2d at 225. Therefore, defendant's sentencing exposure for each marijuana conviction was ten to sixty years.
Defendant argues that his sentences are disproportionate in length to those of his co-defendant, Keith Marcel, who entered guilty pleas to several charges in the bill of information in exchange for his testimony at defendant's trial. The record reflects that Marcel received a fifteen-year sentence. As a general rule, the fact that a co-defendant has received a more lenient sentence does not necessarily indicate that the penalty imposed on the defendant is excessive. State v. Tate, 01-1658, p. 26 (La.5/20/03), 851 So.2d 921, 940, cert. denied, ___ U.S. ___, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). In any case, this Court found, and the record establishes, that defendant's involvement in the narcotics business was more substantial than Marcel's.
Four associates in defendant's enterprise testified at his trial. They portrayed defendant as the head of the operation. A cab driver testified that he became a courier for defendant, who paid him to deliver marijuana. State v. Sarrio, 803 So.2d at 227. A second man testified that he "moved marijuana around" for defendant. He indicated that he was present when defendant arranged for a delivery of four hundred to five hundred pounds of cocaine from Mexico. Id. Marcel testified that defendant recruited him as a "front-man" in the drug sales, and that his actions were directed by defendant. Sarrio, 803 So.2d at 227. This Court found that defendant was "the management head of the group. In this capacity he procured the drugs to be sold, set the price, set the quantity and the manner of sale, received the proceeds, procured and paid the participants." Id.
Defendant complains that he was penalized for electing to go to trial instead of pleading guilty. In Bordenkircher v. Hayes, 434 U.S. 357, 363-364, 98 S.Ct. 663, 668-669, 54 L.Ed.2d 604 (1978), the United States Supreme Court stated:
To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional." But in the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor's offer....
While confronting a defendant with the risk of more severe punishment *902 clearly may have a "discouraging effect on the defendant's assertion of this trial rights, the imposition of these difficult choices [is] an inevitable"and permissible"attribute of any legitimate system which tolerates and encourages the negotiation of pleas." It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty. [Citations omitted.]
Here, defendant neither alleges nor demonstrates that he was not free to accept any plea offers made by the State. Moreover, we do not find that the sentences imposed were vindictive.
Defendant notes that La. Acts 2001, No. 403, § 4 instituted more lenient sentencing provisions for some narcotics offenses. Defendant suggests that, although that amendment did not become effective until after defendant committed the instant offenses, the trial judge should have taken into account the legislature's desire to revisit harsh sentencing schemes. Defendant argued this point at re-sentencing, and the judge clearly took defendant's arguments into consideration. However, the judge was not obligated to consider the 2001 revisions to influence his decision. More importantly, the sentencing range for possession of marijuana with intent to distribute has remained unchanged since the time defendant committed the instant offenses. La. R.S. 40:966(B)(3).
Lastly, defendant argues that the amount of marijuana he was charged with distributing was relatively small, and that his sentences are not proportionate to the offenses. The evidence at trial indicates, however, that defendant ran a large-scale narcotics-distribution operation in which he moved significant quantities of marijuana on a regular basis.
Based on the foregoing, we do not find that the trial court abused its broad discretion in imposing concurrent thirty-year sentences or in denying defendant's Motion to Reconsider Sentence. These assignments of error are without merit.
Finally, the record on re-sentencing was reviewed for errors patent. La.C.Cr.P. art. 920. While we note that defendant's sentences for the two marijuana convictions are illegally lenient because the trial court did not impose the mandatory fine of "not more than fifty thousand dollars" prescribed in La. R.S. 40:966(B)(2), we also note that the State did not raise this issue in the district court or on appeal.
Under State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, and La. C.Cr.P. art. 882, this Court has the authority to correct an illegally lenient sentence despite the fact that neither party has raised the issue below or on appeal. State v. Turner, 03-325 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 819, writ denied, 03-2170 (La.1/30/04), 865 So.2d 74. This Court has recognized that the authority to correct an illegally lenient sentence is permissive rather than mandatory, and it has, on occasion, declined to remand for imposition of a mandatory fine. State v. Turner, supra; State v. Jordan, 02-820 (La.App. 5 Cir. 12/30/02), 836 So.2d 609, 614. We decline to remand in this case.
Next, La.C.Cr.P. art. 930.8 provides that a defendant has two years from the date that "the judgment of conviction and sentence has become final" to file an application for post-conviction relief. Subpart C of the article requires that the trial court inform a defendant of the prescriptive period at the time of sentencing. In this case, the trial court's advisal to the defendant was incomplete. Therefore, we remand *903 and order the district court to inform defendant of the provisions of La. C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of the opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.
Lastly, the district court must impose a separate sentence as to each conviction in a case involving multiple convictions. State v. Hebert, 02-1252 (La. App. 5 Cir. 4/8/03), 846 So.2d 60, 65. In this case, the transcript reveals that the trial court imposed a separate sentence for each of defendant's three convictions. The commitment, however, states that the court re-sentenced defendant to "imprisonment at hard labor for a term of 30 years." Where the transcript and a minute entry conflict, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand with instructions to amend the commitment to reflect the transcript.
SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The State alleged that defendant committed acts in furtherance of the racketeering activity (i.e., the possession of marijuana with intent to distribute) during April and May of 1996. The Louisiana Supreme Court has held that the applicable sentencing scheme is the one in effect at the time the offense is committed. State v. Sugasti, 01-3407, p. 5 (La.6/21/02), 820 So.2d 518, 521.
[2] The State alleged that defendant had a 1989 conviction for distribution of cocaine.