881 So.2d 1263 (2004)
STATE of Louisiana,
v.
Troy RHODES.
No. 04-KA-207.
Court of Appeal of Louisiana, Fifth Circuit.
August 31, 2004.
*1264 Frederick J. Kroenke, Jr., Baton Rouge, LA, for Appellant, Troy Rhodes.
John M. Crum, Jr., District Attorney, Kim M. Ancona-Laborde, Assistant District Attorney, Edgard, LA, for Appellee, State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and JAMES C. GULOTTA, Pro Tempore.
SUSAN M. CHEHARDY, Judge.
On August 7, 2002, the St. John the Baptist Parish grand jury indicted defendant, Troy Rhodes, on one court of armed robbery, a violation of La. R.S. 14:64.[1] Defendant entered a not-guilty plea and filed a motion to suppress identification. Defendant's motion to suppress identification was heard on November 6, 2002 and denied on December 4, 2002.[2]
On April 21, 2003, defendant was rearraigned and entered a guilty plea reserving his right to appeal under Crosby.[3] The trial judge accepted defendant's guilty plea and, in accordance with the plea agreement, sentenced defendant to fifteen years at hard labor without the benefit of parole, probation or suspension of sentence.
Defendant timely filed a pro se motion for appeal.[4] His appointed appellate counsel filed an Anders[5] brief alleging there were no non-frivolous issues to raise on appeal and sought to withdraw as defense counsel. On December 2, 2004, this Court allowed appellate counsel to withdraw.
On January 22, 2004, defendant filed a pro se appellate brief alleging, in his sole assignment of error, a defective indictment. On February 3, 2004, this Court, noting that the record lacked the transcript of the motion to suppress hearing, issued an order for completion of the appellate record and ordered the reappointment of appellate counsel. After the record was completed, the matter was re-lodged on February 27, 2004.
Because defendant's conviction was obtained as the result of a guilty plea, the facts of the offense are limited. This factual summary is based on testimony at the suppression hearing and the State's discovery responses.
At approximately 3:30 p.m. on May 7, 2002, tellers at the First National Bank in Laplace were robbed at gunpoint by two black males. The men took money out of the tellers' drawers and the bank's safe before fleeing on a motorcycle. The police subsequently chased the motorcycle. Shortly thereafter, one of the perpetrators, co-defendant Michael Addison, was apprehended. Addison gave at least three statements to the police. In one of the statements, Addison implicated defendant (and himself) in the robbery. Addison later *1265 identified defendant from a photographic lineup as his accomplice in the bank robbery.
On appeal, defendant raises two assignments of error.[6] First, he alleges that the trial court erred in denying his motion to suppress identification because co-defendant Addison was not advised of his right to have his appointed counsel present before making the identification of defendant from the photographic lineup and, second, defendant alleges that the grand jury indictment was defective because it failed to include an essential element of the armed robbery offense.
In his first assignment of error, defendant contends Addison should have been advised of his right to counsel prior to making the identification because Addison's identification of defendant not only inculpated defendant, but also inculpated Addison in the robbery. Defendant further maintains the interrogating officer knew Addison had appointed counsel but failed to obtain counsel's permission to question Addison outside counsel's presence.
Initially, we note that a guilty plea normally waives all non-jurisdictional defects in the proceeding leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Frisella, 03-1213 (La.App. 5 Cir. 2/23/04), 868 So.2d 871, 873. A defendant may be allowed appellate review if he expressly reserves his right to appeal a specific adverse ruling at the time he enters a guilty plea. State v. Crosby, 338 So.2d 584 (La.1976); State v. Frisella, supra.
In the present case, defendant failed to specify which pre-trial ruling he desired to reserve for appeal as part of his guilty plea under Crosby. However, the record reflects that the only pre-trial ruling in the case was on defendant's motion to suppress identification. This Court has held that the failure of the defendant to specify which pre-trial ruling he wishes to reserve for appeal is inconsequential where there is only one pre-trial ruling. See, State v. Frisella, supra.
At the suppression hearing, Officer Royal Burke testified that Addison was arrested on the day of the incident and gave two statements. The first statement was taken on May 7, 2002 and the second statement was taken on May 8, 2002. Officer Burke stated he advised Addison of his constitutional rights prior to each statement and that Addison executed a waiver of rights form waiving his rights on each occasion. Officer Burke testified that, in his second statement, Addison identified defendant, by his first name only, as his accomplice. Addison also told Officer Burke other details that led Officer Burke to identify defendant and compile a photographic lineup.
Approximately three weeks later, on May 29, 2002, Officer Burke showed Addison a photographic lineup containing defendant's photograph and Addison identified defendant as his accomplice. Officer Burke testified that he did not advise Addison of his constitutional rights prior to showing him the photographic lineup. Further, when Addison was shown the photographic lineup, he had been appointed counsel but Officer Burke did not contact Addison's counsel. Officer Burke explained that he did not know who had been appointed to represent Addison and that Addison never mentioned his attorney to him.
*1266 A person who is adversely affected by a confession unlawfully obtained from another does not have standing to raise its illegality. State v. Burdgess, 434 So.2d 1062, 1064 (La.1983). While Defendant admits this principle of law in his appellate brief, he argues that this rule does not apply where gross intentional police misconduct is involved.
In Burdgess, the Louisiana Supreme Court explained that this principle of law has been applied where a defendant "seeks to suppress evidence incriminating him that was obtained from a coparticipant in [the] crime without proper compliance with the procedural requirements of Miranda or otherwise in violation of that party's Fifth or Sixth Amendment rights." State v. Burdgess, supra at 1064. The supreme court found defendant had no standing to object to the nonvoluntary nature of his co-defendant's confession but reserved judgment on whether "gross police misconduct against third parties in the overly zealous pursuit of criminal conviction might lead to limited standing." Id. at 1065.
Here, defendant relies on this language to suggest Officer Burke's purposeful questioning of Addison outside of his counsel's presence constitutes "gross police misconduct," which might warrant limited standing. In suggesting that there may be limited standing for a defendant to challenge the voluntary nature of a third party's confession, the supreme court cited United States v. Fredericks, 586 F.2d 470 (5 Cir.1978), cert. denied, 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed.2d 776 (1979). In Fredericks, the United States Fifth Circuit noted that it did not sanction gross police misconduct against third parties in pursuit of criminal convictions. The court used the extreme example that "statements wrung from one of four criminal suspects through torture and unremitting prolonged interrogations" would not be allowed in the trial of the other three suspects. United States v. Fredericks, supra at 481. In Burdgess and Fredericks, the courts noted that the police conduct bordering on third-degree physical or psychological coercion might warrant the exclusion of the statement or confession.
In this case, while we concede that defendant is adversely affected by the challenged identification, we do not find that Officer Burke's conduct in showing co-defendant Addison a photographic lineup outside of his counsel's presence is the type of conduct that warrants granting limited standing to the adversely affected third-party. Because defendant does not have standing to seek suppression of the identification on the basis it was obtained from his co-defendant in violation of his co-defendant's constitutional rights, we will not consider the merits of this assignment of error.
In his second assignment of error, defendant argues that the grand jury indictment is defective because it fails to allege an essential element of the charged offense. Specifically, defendant claims the indictment fails to allege the thing of value that was allegedly taken from the robbery victim. He contends that he was, thus, not provided proper notice of the charges against him.
The grand jury indictment against defendant charges that defendant, in violation of La. R.S. 14:64, robbed Roxanne Duhe while armed with a dangerous weapon. The indictment does not specify the thing of value taken from the victim. The Louisiana Supreme Court has held:
[W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where... no objection was *1267 raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
State v. James, 305 So.2d 514, 516-517 (La.1974).
In the present case, defendant did not raise the defect in the indictment prior to conviction. Defendant did not object to the omission of the thing of value until this appeal and has not shown surprise or prejudice from the omission. Further, in the pre-trial stage, defendant filed a motion for discovery and the State filed written responses that are included in the record. From these discovery responses, defendant was on notice that the thing of value taken from the victim was money. Additionally, the State provided sufficient details in its discovery responses to give defendant adequate notice of the charge against him. We find, that, despite the failure of the indictment to include the thing of value, the record provided sufficient details of the elements of the crime with which defendant was charged. Further, defendant has not shown that he suffered prejudice from the defective indictment. We conclude that this assignment of error lacks merit.
Finally, we have reviewed the record for errors patent, according to La.C.Cr.P.art. 920. We note that the trial court failed to properly inform defendant of the prescriptive period for filing post-conviction relief pursuant to La.C.Cr.P. art. 930.8. At sentencing, the trial court advised defendant that he had "a two year prescriptive period in which to file for post conviction relief." This Court has held that this type of advisal is incomplete. See, State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975. Therefore, we remand with instructions to the district court to properly inform defendant of the time that the prescriptive period for post-conviction relief begins by sending written notice of such to defendant within ten days of the rendition of the appellate opinion and to file written proof that defendant received the notice in the record. Id.
AFFIRMED; REMANDED FOR COMPLIANCE WITH LA. C.CR.P. ART. 930.8.
NOTES
[1] The grand jury also indicted Michael Addison with armed robbery and Kristi Hoover and Wilson Jackson as principals to armed robbery.
[2] Defendant's motion to suppress was denied in open court on December 4, 2002; the trial judge signed a written judgment to that effect in April 2003.
[3] State v. Crosby, 338 So.2d 584 (La.1976).
[4] Defendant's motion for appeal is contained within his pro se motion for production of documents.
[5] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[6] In appellate counsel's brief, he specifically notes that defendant wishes his previously filed pro se assignment of error be addressed by the court.