887 So.2d 596 (2004)
STATE of Louisiana
v.
Calvin R. GRANT, Jr.
No. 04-KA-341.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of *597 Jefferson, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Defendant Calvin Grant appeals his sentence for one count of distribution of marijuana in violation of LSA-R.S. 40:966(A) and one count of possession of cocaine in excess of 200 grams but less than 400 grams, in violation of LSA-R.S. 40:967(F). Grant withdrew his initial plea of not guilty, and entered guilty pleas on both counts. In accordance with his plea agreement, he was sentenced to eleven years on each count, the sentences to run concurrently with each other. The eleven-year sentence on count two was imposed without the benefit of parole, probation or suspension of sentence.
Grant argues that the eleven year sentence on each count is excessive, asserting that the sentences should be reduced below the mandatory minimum. Grant contends he is a drug addict in need of treatment as opposed to long incarceration, claiming he changed his life as evidenced by his pastor's testimony, letters on his behalf, and certificates showing he completed several substance abuse classes while in jail. He asserts the mandated sentences are excessive as to him.[1]
The record on appeal shows that the sentences were imposed pursuant to a plea agreement. The waiver of rights form executed by Grant shows he was advised and understood that he would receive "11 years each count concurrent with each other and with any other sent., [sic] with credit for time served." During the plea colloquy, the trial judge advised Grant that if she accepted his pleas he would be sentenced to "eleven years in the Department of Corrections on each count...." The court asked Grant if he understood and agreed to it to which he replied affirmatively. Grant was subsequently sentenced to eleven-year concurrent sentences in conformity with the plea agreement. The sentences imposed are well within the statutory limits.
Under LSA-C.Cr.P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. During the Boykin colloquy, the judge reviewed with Grant the sentences agreed upon, and Grant stated that he understood the sentences agreed upon as part of the plea bargain. Moreover, Grant and his attorney completed and signed a waiver of rights form that included a statement of the sentences that Grant would receive. This Court has consistently recognized that La.C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty.[2]
Based on the foregoing, Grant is not entitled to appellate review of his sentence for excessiveness.
Pursuant to our error patent review, we note that Grant received illegally lenient sentences on both counts. Neither the State nor Grant raises this issue on appeal. Grant was convicted of distribution *598 of marijuana and possession of cocaine between 200 and 400 grams. A conviction for distribution of marijuana requires a fine of not more than $50,000 and requires at least five years of the sentence be without the benefit of parole, probation or suspension of sentence. A conviction for possession of cocaine between 200 and 400 grams requires a fine of not less than $100,000 and not more than $350,000. LSA-R.S. 40:966(B)(2); LSA-R.S. 40:967(F)(1)(b). Grant did not receive a fine on either conviction and his sentence for distribution of marijuana was imposed without any restrictions. Generally, statutory restrictions against parole, probation or suspension of sentence are self-activating and the failure of a trial court to impose a sentence with such restrictions does not require corrective action.[3] Moreover, in the present case, we find that the failure of the trial court to restrict Grant's sentence on count one is inconsequential because the entirety of his sentence on count two was imposed without the benefit of parole, probation or suspension of sentence and the two sentences were ordered to run concurrently. In effect, Grant's eleven-year sentence will be served without benefits.
Regarding the failure to impose any mandatory fines, although we have the authority to correct an illegally lenient sentence, despite the fact that neither party has raised the issue below or on appeal, we have also recognized that such authority is permissive rather than mandatory, and have, on occasion, declined to remand for imposition of a mandatory fine.[4] When a defendant is sentenced pursuant to a guilty plea, this Court has withheld from correcting an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in disposition of the case favorable to the defendant.[5] In the present case, we will not disturb Grants sentences.
Finally, we note that the trial court failed to properly inform Grant of the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8. Grant was advised that he had "two years from the day [his] judgment of conviction becomes final to seek post-conviction relief." This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete.[6] We remand the case and order the district court to properly inform Grant of the time from which prescription for post-conviction relief runs by sending written notice of such to him within ten days of the rendition of the appellate opinion, and to file written proof that defendant received the notice in the record.
For the foregoing reasons, the sentences are affirmed, and the matter is remanded in accordance with this opinion.
AFFIRMED.
NOTES
[1] See State v. Dorthey, 623 So.2d 1276 (La.1993).
[2] State v. Miller, 02-729 (La.App. 5 Cir. 12/30/02), 836 So.2d 614, 618, writs denied, 03-200 (La.10/10/03), 855 So.2d 326 and 03-503 (La.10/10/03), 855 So.2d 329; State v. Guerra, 03-1071 (La.App. 5 Cir. 12/30/03), 865 So.2d 154.
[3] State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. See also State v. Taylor, 04-0054 (La.App. 5 Cir. 4/27/04), 874 So.2d 297; State v. Sarrio, 04-89 (La.App. 5 Cir. 5/26/04), 875 So.2d 898.
[4] See State v. Sarrio, supra; State v. Jordan, 02-820 (La.App. 5 Cir. 12/30/02), 836 So.2d 609.
[5] State v. Massey, 02-872 (La.App. 5 Cir. 2/11/03), 841 So.2d 862, writ denied, 03-805 (La.10/17/03), 855 So.2d 758, citing State v. Campbell, 01-0329 (La.11/2/01), 799 So.2d 1136.
[6] See, State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.