MADELINE JASMINE, Judge Pro Tempore.
 

 |2The defendant, Quinten Moran, pled guilty to armed robbery and attempted armed robbery. For the reasons that follow, we affirm his conviction and sentence.
 

 The only argument raised by defendant on appeal, is that the trial judge failed to inform him of the time delays for filing for post-conviction relief. Although the commitment reflects that defendant was properly advised of the prescriptive period for seeking post-conviction relief, according to the transcript the trial judge’s advisal was incomplete. During the plea colloquy after defendant was properly advised of his rights and the trial judge accepted his plea, defendant was verbally advised that he had “two years from the date the judgment of conviction becomes final to seek post-conviction relief.” The failure of the trial judge to advise a defendant that the prescriptive period for seeking post conviction relief runs from the time his
 
 conviction and sentence
 
 become final renders the advisal incomplete.
 
 State v. Grant,
 
 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis as found in original). According to
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983), the transcript prevails over the minute entry or commitment where there is a discrepancy-
 

 However, even though we find defendant received an incomplete verbal advisal of the prescriptive period for filing post-conviction relief, defendant was properly advised of the prescriptive period in writing as reflected in defendant’s waiver of rights form. The form advised defendant he had two years from the day his judgment of conviction and sentence becomes final to seek post-conviction relief. According to LSA-C.Cr.P. art. 930.8(C),
 

 At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used
 
 *547
 
 during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.
 

 LSA-C.Cr.P. art. 930.8(C) (emphasis added).
 

 Thus, we find no merit to defendant’s argument.
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). This review indicates there are no errors patent that require corrective action.
 

 AFFIRMED.